1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELAINE BROWNE, | 2:15-cv-1868-JAD-PAL |
| Plaintiff | **Order Granting Plaintiff's Motion to Remand** |
| v. | [ECF 11] |
| HARRY CONNOR, | |
| Defendant | |

Plaintiff Elaine Browne sues Harry Connor for injuries she allegedly sustained by falling over a bench while moving to avoid Connor's oncoming car after he inadvertently pressed the accelerator while parking.[1]  Connor removed the case from state court based on diversity of citizenship.[2]  Browne now moves to remand, arguing that the amount in controversy is not met because she did not undergo a knee surgery, and her offer to Connor to settle the case for $175,000 is inadmissable.[3]  I grant Browne's motion because there is no evidence that her knee condition is related to the accident or that her settlement offer—although admissible in determining the amount in controversy—is a reasonable estimate of her damages.

**Background**

Browne has not specified in either her complaint or motion to remand what injuries she suffered as a result of the accident.  Without providing details, she alleges expenses related to medical care and lost wages and earning capacity.[4]  Browne's complaint also refers to vehicle-repair expenses, but she alleges that Connor's vehicle almost struck her while she was standing in a "pedestrian area" near the location Connor intended to park.[5]  And neither Browne nor

---

[1]  ECF 1 at 10–11.

[2]  *Id*. at 1.

[3]  ECF 11.

[4]  ECF 1 at 12.

[5]  *Id*.

Connor ever refers to a vehicle collision or states whether Browne's vehicle was even present.  I therefore do not include Browne's ambiguous vehicle expenses in my amount-in-controversy analysis.

Nearly a year after the accident, an orthopedic surgeon examined Browne, who reported "complaints of headaches, neck pain, left shoulder pain and bilateral knee pain."[6]  The surgeon performed an X-Ray of Browne's knees, which revealed "severe tricompartmental osteoarthic disease."[7]  His report also refers to a previous MRI of Browne's right knee two months after the accident, which revealed "severe tricompartmental degenerative changes."[8]  The surgeon recommended that Brown "be evaluated by a total joint surgeon for bilateral knee anthroplasties" but also described alternative, non-surgical treatments.[9]

Connor cites two websites to support the conclusion that the surgery and hospital stay would cost an uninsured patient at least $90,000.[10]  Browne replies that she never underwent the recommended knee surgery, and she reports only $17,000 in undescribed medical expenses in her motion for remand.[11]  This figure is the only specific expense that Browne cites in her filings. Nonetheless, at some point before Connor removed this case to federal court, Browne sent a $175,000 settlement-demand letter to Connor's auto-insurance provider.[12]

Browne moves to remand this case to state court, arguing that neither the proposed surgery's cost nor her settlement offer should be considered in determining whether the value of her claim satisfies the amount in controversy.

---

[6]  ECF 14 at 6–7.

[7]  *Id*.

[8]  *Id*.

[9]  *Id*.

[10]  ECF 14 at 3.

[11]  ECF 11 at 2–3.

[12]  *Id*. at 2.

**Discussion**

When a case is filed in state court between parties who are citizens of different states and the case value exceeds $75,000, the defendant may remove the case to federal court.[13]  "Federal courts are courts of limited jurisdiction,"[14] and there is a strong presumption against removal jurisdiction.  "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[15]  The defendant always has the burden of establishing that removal is proper.[16]  This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[17]  If the amount of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[18]  Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy.[19]  Conclusory allegations do not overcome the presumption against removal jurisdiction, nor do they satisfy the defendant's burden of proving the amount in controversy.[20]  The defendant, however, does not need to predict the trier of fact's eventual award with certainty.[21]

Browne first argues that, because she never underwent the proposed knee surgery, I should not consider its purported cost in determining whether her claim exceeds $75,000.  Connor does not address this argument.  I agree with Browne; she has not alleged knee problems

---

[13]  28 U.S.C. §§ 1332, 1441, 1446.

[14]  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[15]  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[16]  *Id.*

[17]  *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[18]  *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[19]  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[20]  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted).

[21]  *Id.*

1  as a result of the accident nor included the surgery's cost in her medical expenses.  Indeed, the

2  surgeon merely recommended that a separate total-joint surgeon *evaluate* Browne for the surgery.

3  Based on these facts, I will not consider the proposed surgery's cost in determining whether

4  Browne's claim meets the amount-in-controversy threshold for federal jurisdiction.

5       Connor further argues that Browne's $175,000 settlement offer demonstrates that the

6  value of her claim surpasses the $75,000 threshold.  Browne does not deny that she made the

7  offer but argues that it is inadmissable under Federal Rule of Evidence 408(a), which prohibits

8  admitting settlement offers as evidence when used "either to prove or disprove the validity or

9  amount of a disputed claim . . . ."[22]  Connor does not address this argument, and both parties fail

10  to cite the Ninth Circuit precedent that directly addresses the admissibility of settlement offers in

11  this context.  In *Cohn v. Petsmart, Inc.*, the court "reject[ed] the argument that Fed. R. Evid. 408

12  prohibits the use of settlement offers in determining the amount in controversy."[23]  It held that

13  "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a

14  reasonable estimate of the plaintiff's claim."[24]  The court also emphasized that the plaintiff, who

15  demanded $100,000 to settle a trademark dispute, "could have argued that the demand was

16  inflated and not an honest assessment of damages, but he made no attempt to disavow his letter

17  or offer contrary evidence.  Rather, he consistently maintained that his mark [was] worth more

18  than $100,000."[25]

19       Several courts within this district have since addressed similar attempts by defendants to

20  introduce settlement offers for the same purpose.  In *Smith v. Smith's Food & Drug Centers, Inc.*,

21  the plaintiff made a $110,000 settlement offer, an amount the plaintiff supported by citing over

22  $54,000 in documented medical expenses and lost wages, as well as a scheduled surgery and

23

24  _____

[22]  *See* ECF 11 at 3 (quoting Fed. R. Evid. 408(a)).

25

26  [23]  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002).

27  [24]  *Id.* at 840.

28  [25]  *Id.*

1    other associated costs.[26]  The court held that, considering these past and future damages, "the

2    plaintiff's demand of $110,000 reflect[ed] a reasonable estimate of her claim."[27]  Conversely, in

3    *Wolf v. State Farm*, the court found that the plaintiff's $100,000 settlement demand was not a

4    reasonable estimate of his claim, so the offer did not establish that the plaintiff's claim exceeded

5    the $75,000 threshold.[28]  While the plaintiff claimed over $22,000 in past and future medical

6    expenses, the "[d]efendant's unsupported observation that Plaintiff's future medical treatments

7    *might* total tens of thousands of dollars fail[ed] to adequately demonstrate that" the plaintiff

8    would actually seek this amount of damages for future treatment.[29]  The court similarly declined

9    to factor in other unsupported allegations that the plaintiff would seek large awards for lost

10   wages and earning capacity, emotional distress, and punitive damages.[30]

11          Here, there is no indication that Browne's settlement offer reflects a reasonable estimate

12   of her claim.  Browne's only documented damage is $17,000 in medical expenses.  Like in *Wolf*,

13   there is no reason to believe Browne's future medical expenses will amount to tens of thousands

14   of dollars, especially considering that Browne has not undergone the proposed surgery or claimed

15   that her knee condition is related to the accident.  Similarly, nothing in the pleadings or the

16   evidence that Connor provided shows that Browne's claimed damages for lost wages and earning

17   capacity will bring her total damages close to $175,000 or even near the $75,000 threshold.

18   Although Browne has never explicitly disclaimed her settlement offer as an inflated estimate, she

19   argues in a heading in her motion to remand that "the amount in controversy does not exceed

20

21   _____

22   [26] *Smith v. Smith's Food & Drug Centers, Inc.,* No. 2:14-CV-00681-APG, 2014 WL 3734363, at
23   *1.

24   [27] *Id.* at *2.

25   [28] *Wolf v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-CV-00589-GMN, 2014 WL 6882937, at *4
26   (D. Nev. Dec. 4, 2014).

27   [29] *Id.* at *2.

28   [30] *Id.* at *2–4.

1  $75,000."[31]  This certainly suggests she is disavowing the $175,000 demand figure as the

2  reasonable value of her claim..  I therefore find that Connor has not met his burden of

3  demonstrating that Browne's claim will meet the amount in controversy.

4  **Conclusion**

5      Accordingly, IT IS HEREBY ORDERED that Browne's Motion to Remand [**ECF 11**] is

6  **GRANTED**.  **This case is remanded back to the Eighth Judicial District Court, Case No. A-**

7  **15-720646-C, Dept. 12**, and the Clerk of the Court is instructed to **close this case**.

8      DATED: February 5, 2016

9

10  _____
   Jennifer A. Dorsey
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

───────────────

28  [31]  ECF 11 at 2.